# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

ANGELITA R. CRUZ,

        Plaintiff,

v.                                    Case No. 03-C-1489

JOANNE B. BARNHART,

        Defendant.

## OPINION AND ORDER

Plaintiff Angelita Cruz filed an application for Supplementary Security Income (SSI) and Disability Insurance Benefits (DIB) on September 26, 1999. See 42 U.S.C. §§ 402(e) & 1381. She alleges that she cannot work because of arthritis, high blood pressure, and back, knee and arm problems. The Agency denied the application initially and upon reconsideration. Cruz then requested a hearing which was held on May 21, 2001. The Administrative Law Judge (ALJ) found that, because the Plaintiff could perform her past relevant work as a general office clerk, she was not disabled and, therefore, not entitled to SSI or DIB. After the Appeals Council denied review, Cruz sought judicial review in this court.

### I. LEGAL AND STATUTORY FRAMEWORK

In order to qualify for DIB or SSI payments an individual must meet the statutory standard for disability, which requires the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment" that has lasted or can be expected to last for a continuous period of at least twelve months. 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)((3)(A). The statutes further define "inability to engage in any

substantial gainful activity" as, not only unable to do one's previous work but, unable to engage in "any other kind of substantial gainful work which exists in the national economy . . . ." 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B). The determination of disability involves a five-step process that considers both medical and vocational factors.

> The five steps are:
>
> Step 1: Is the claimant presently employed and doing substantial gainful activity? If yes, the claimant is not disabled.
>
> Step 2: Is the claimant's impairment severe and expected to last at least twelve months? If no, the claimant is not disabled.
>
> Step 3: Does the impairment meet or exceed one of the impairments listed in 20 C.F.R. pt. 404, subpt. P, app. 1? If yes, the claimant is disabled.
>
> Step 4: Is the claimant able to perform her past relevant work ? If yes, the claimant is not disabled.
>
> Step 5: Is the claimant able to perform any other work within her residual functional capacity in the national economy? If yes, the claimant is not disabled.

See 20 C.F.R. § 404.1520(a)(4)(i)-(v). See also Herron, 19 F.3d at 333 n. 8. If the ALJ determines that the Plaintiff is not disabled at any step of the five-step inquiry, the inquiry ends without proceeding to the next step. See 20 C.F.R. §§ 404.1520(a)(4)(i)-(v), 416.920(a)(4)(i)-(v). The Plaintiff bears the burden of proof through step four of the five-step inquiry; the burden shifts to the Commissioner at step five. See Herron v. Shalala, 19 F.3d 329, 333 n.8 (7th Cir. 1994). The Plaintiff's burden of proof includes providing medical evidence substantiating the assertion of disability. See 20 C.F.R. § 404.1512(a); Luna v. Shalala, 22 F.3d 687, 693 (7th Cir. 1994).

## II. **JUDICIAL REVIEW**

Section 405(g) of the Social Security Act authorizes judicial review of final decisions of the Commissioner with the power to affirm, modify, or reverse, with or without remand to the Commissioner for a rehearing. 42 U.S.C. § 405(g). The scope of review is limited to determining whether the Commissioner's decision is supported by substantial evidence or whether the Commissioner committed an error of law. See Dixon v. Massanari, 270 F.3d 1171, 1176 (7th Cir.2001). Evidence is substantial if a reasonable person would accept it as adequate to support the conclusion. See Young v. Barnhart, 362 F.3d 995, 1001 (7th Cir.2004) (citing Stevenson v. Chater, 105 F.3d 1151, 1153 (7th Cir.1997)). A reviewing federal court may not substitute its judgment for the ALJ's by reconsidering facts, reweighing evidence, resolving conflicts in evidence, or deciding questions of credibility. See Cannon v. Apfel, 213 F.3d 970, 974 (7th Cir.2000). Nonetheless, the court should not act as an "uncritical rubber stamp." Bauzo v. Bowen, 803 F.2d 917, 923 (7th Cir.1986). Rather, the court must examine both the evidence favoring a finding of disability as well as evidence favoring the claimant and consider whatever in the record "fairly detracts" from the weight given to each. Id.

The ALJ's decision must allow for a meaningful review. See Herron, 19 F.3d at 333. The ALJ's decision must demonstrate the path of her reasoning, and the evidence must lead logically to her conclusion. See Rohan v. Chater, 98 F.3d 966, 971 (7th Cir.1996). If the ALJ fails to build an "accurate and logical bridge between the evidence and the result," the case must be remanded. See Sarchet v. Chater, 78 F.3d 305, 307 (7th Cir.1996). While the ALJ need not discuss every piece of evidence in the record, she cannot ignore evidence contrary to her conclusion and must provide reasoning behind the rejection of such evidence. See Golembiewski v. Barnhart, 322 F.3d 912, 917 (7th Cir.2003); Herron, 19 F.3d at 333.

## III. BACKGROUND AND PRIOR PROCEEDINGS

The Plaintiff in this case, Angelita Cruz, was born on March 30, 1946, and was 55 years old at the time of the administrative hearing. She was living with her husband who was employed. Her children were all adults and were not living at home. The Plaintiff had completed a GED (General Educational Development) degree and had earned a certificate for clerk typing and word processing. Her past relevant work included work as a general office clerk, a person who works with wires and machines, a housekeeper, and a nanny. She says that she left her last job as a nanny on July 2, 1999, because of her medical condition.

Cruz's past medical history includes diagnoses of fibromyalgia, hypertension, and arthritis. Before she moved to Wisconsin, she lived in Florida where she was diagnosed with mild cervical spondylosis, hiatal hernia, and gastritis. Shortly after moving to Wisconsin in May of 2000, she learned she had a meningioma.[1]

The Plaintiff claims to be in constant pain which is not relieved by her numerous prescription medications and to have trouble concentrating and sleeping. She says she is able to do very little work around the house.

Cruz filed an application for SSI and DIB on July 26, 1999. The application was denied initially and upon reconsideration. She then requested a hearing which was held on May 21, 2001. Cruz was represented by counsel. Following the hearing, ALJ Margaret O'Grady issued a decision on June 26, 2001, denying Cruz's benefit claims.

The ALJ found that:

1. The claimant has not engaged in substantial gainful activity at any time since the alleged onset date of July 2, 1999.

---

[1] A meningioma is a noncancerous (benign) brain tumor that originates in the cells of the outer covering of the brain (meninges). See http://mayoclinic.com/invoke.cfn?objectid = AO335A19-982E-. . .

2. The medical evidence establishes that the claimant has severe gastroesophageal reflux disease, hypertension, degenerative joint disease, foot spur, fibromyalgia, meningioma and spinal stenosis and spondylosis but that she does not have an impairment or combination of impairments listed in Appendix 1, Subpart P, Regulations No. 4.

3. The claimant's subjective complaints, including pain, are found to be not credible and unsupported by the credible medical evidence.

4. The claimant has past relevant work as a general office clerk, machine wirer, housekeeper and nanny.

5. The claimant has the residual functioning capacity to perform sedentary work requiring rare twisting and stooping, no climbing and a fair ability to concentrate.

6. The claimant's past relevant work as a general office clerk did not require the performance of the work-related activities in Finding 5 above.

7. The claimant has not been under a "disability" as defined by the Social Security Act, at any time through the date of this decision.

Transcript at 27-28. The Appeals Council denied review whereby the ALJ's decision became the final decision of the Commissioner. Cruz filed this petition for review on February 29, 2004.

## IV. DISCUSSION AND DECISION

### A. PLAINTIFF'S OBJECTIONS

The Plaintiff argues that the ALJ's decision must be reversed because:

(a) The ALJ improperly discredited the Plaintiff's credibility

and her subjective pain complaints.

(b) The ALJ's RFC [residual functional capacity] is improper;

subsequently, the Step 5 finding is erroneous as Plaintiff is

not able to perform her past job as a general office clerk.

> (1) The ALJ posed improper hypothetical questions to the VE [vocational expert] resulting in a flawed RFC finding.
>
> (2) The ALJ failed to follow SSR 82-62 in evaluating Plaintiff's ability to perform her past work and did not inquire whether the VE's testimony conformed to the DOT [Dictionary of Occupational Titles].
>
> (3) The ALJ adopted an improper finding of Plaintiff's mental limitations and skill level.
>
> (4) Plaintiff is incapable of performing the exertional level of sedentary work as she performed in her past job.
>
> (5) The Medical Vocational Guidelines indicate Plaintiff is disabled based on the ALJ's conclusions.

See Memorandum in Support of Plaintiff's Motion for Summary Judgment or Remand at 9-23.

### B. **CREDIBILITY**

First, the Plaintiff criticizes the ALJ for not being sufficiently specific in her credibility assessments of the Plaintiff's testimony about her pain. But, because the ALJ is in the best position to observe the demeanor of a witness, a court should not disturb the ALJ's credibility determinations so long as they find some support in the record and are not patently wrong. See Herron v. Shalala, 19 F.3d 329, 333 (7th Cir. 1994).

In this case the record provides adequate support for the ALJ's finding that Cruz's testimony about her pain was not credible. The ALJ analyzed Cruz's complaints as

directed by Social Security Ruling 96-7p, "Evaluation of Symptoms in Disability Claims: Assessing the Credibility of an Individual's Statements" (SSA 1996), comparing them to medical evidence in the record as follows:

> In evaluating the claimant's subjective complaints and allegations of disability, the undersigned finds the claimant not to be credible regarding allegations of severe, disabling pain. The extent and severity of the claimant's pain and limitations as described by the claimant are not credible. The claimant has had gaps of time between doctor visits. The claimant was not diagnosed with meningioma until August 2000. The claimant has not followed up with doctors as recommended. In June 2000, the claimant reported taking only Tylenol for pain. In September 2000, the claimant reported mild improvement of pain with Celebrex. The neurologists treating the claimant for meningioma have not indicated the claimant is unable to work. The claimant is able to continue with numerous regular activities as described in testimony. Therefore, while the claimant has limitations they are not such to preclude all work activity.

Transcript at 27. Thus, the ALJ found that Cruz's testimony was not consistent with the medical evidence. The ALJ's reasoning could have been more elaborate, but it is not fundamentally defective.

### C. RESIDUAL FUNCTIONAL CAPACITY

Next, the Plaintiff challenges the ALJ's finding at step 4 of the sequential five-step evaluation for determining entitlement to benefits. See 20 C.F.R. § 404.1520. Cruz maintains that the ALJ's Residual Functional Capacity (RFC) finding is improper and that she is not able to perform her past job as a general office clerk.

At the fourth and fifth steps, the ALJ must consider Residual Functional Capacity. RFC is defined as "an administrative assessment of what work-related activities an individual can perform despite her limitations." Dixon v. Massanari, 279 F.3d 1171, 1178 (7th Cir. 2001). See also 20 C.F.R. § 404.1545(a)(1) (defining RFC as what "you can still do despite your limitations"); Social Security Ruling 96-8p (defining RFC as "an assessment of

an individual's ability to do sustained work-related physical and mental activities in a work setting on a regular and continuing basis . . . . [It] is not the *least* an individual can do despite his or her limitations or restrictions, but the *most*"). The RFC must be assessed based upon all the relevant evidence in the record. See 20 C.F.R. § 404.1545(a)(1). In considering a claimant's RFC, an ALJ is expected to take into consideration all relevant evidence, both medical and non-medical, See 29 C.F.R. § 404.1545(a)(3). Although medical evidence, when presented, is certainly important, "[t]he determination of RFC . . . is an issue reserved to the SSA [Social Security Administration]," and an ALJ need not consider a medical opinion conclusive. Diaz v. Chater, 55 F.3d 300, 306 n.2 (7th Cir. 1995) (citing 20 C.F.R. § 404.1527(e)(2) & 416.927(e)(2)).

At the hearing before the ALJ, Cruz testified that in the early "90s, she worked in an Urban League office answering telephones, typing, and serving as a receptionist.[2] See Transcript at 70. The Plaintiff says that she quit after six months because she did not get the raise she says she was promised. See Id.

The ALJ called a Vocational Expert (VE) who described Cruz's office work as semiskilled and sedentary. After considering Cruz's medical conditions and the duties of a general office clerk, the VE concluded that Cruz would be able to perform her past office work. Consequently, the ALJ found that Cruz was not disabled at step 4 of the sequential analysis.

Cruz argues that the ALJ's finding at step four must be rejected because she did not consider whether Cruz's description of her clerical job conflicted with the descriptions of the jobs of receptionist or general office clerk as performed in the national economy.

---

[2] In the "Work History Report" that Cruz submitted to the Social Security Administration in 1999, she had also stated that, when she worked for the Urban League, she ran a copy machine, did filing, served as a translator, assisted with work permits and finding jobs, tutored, and carried boxes of files. See Transcript at 124.

These descriptions are found in the Dictionary of Occupational Titles (DOT). Cruz's attorney at the administrative hearing did not ask to have the DOT definitions considered.

On December 4, 2000, (after Cruz filed for benefits but before her May 21, 2001, hearing before the ALJ), Social Security Ruling (SSR) 00-4p went into effect. This ruling provides, in relevant part that:

> The Responsibility To Ask About Conflicts
>
> When a VE or VS [Vocational Specialist] provides evidence about the requirements of a job or occupation, the adjudicator has an affirmative responsibility to ask about any possible conflict between that VE or VS evidence and information provided in the DOT. In these situations, the adjudicator will:
>
> Ask the VE or VS if the evidence he or she has provided conflicts with information provided in the DOT; and
>
> If the VE's or VS's evidence appears to conflict with the DOT, the adjudicator will obtain a reasonable explanation for the apparent conflict.
>
> Explaining the Resolution
>
> When vocational evidence provided by a VE or VS is not consistent with information in the DOT, the adjudicator must resolve this conflict before relying on the VE or VS evidence to support a determination or decision that the individual is or is not disabled. The adjudicator will explain in the determination or decision how he or she resolved the conflict. The adjudicator must explain the resolution of the conflict irrespective of how the conflict was identified.

Social Security Ruling 00-4p "Policy Interpretation Ruling: Titles II and XVI: Use of Vocational Expert and Vocational Specialist Evidence, and Other Reliable Occupational Information in Disability Decisions" (SSA 2000).

It appears that the ALJ hearing Cruz's claims failed to follow SSR 00-4p. The transcript of the hearing before the ALJ contains no mention of the DOT and the ALJ does not discuss any comparison in her written decision. The Seventh Circuit has not addressed

the issue of whether an ALJ's failure to follow SSR 00-4p requires automatic reversal. The Third Circuit has ruled that, if the VE testifies only about the particular job requirements of the claimant's past relevant work and does not testify about that type of job in the general economy, the ALJ need not check for conflicts with the DOT. See Boone v. Barnhart, 353 F.3d 203, 209 (3d Cir. 2003). However, it is not clear from the transcript of Cruz's hearing whether the VE was testifying about Cruz's Urban League office job or general office clerk jobs in the national economy. Under these circumstances, the court is unable to conduct meaningful review. The ALJ committed an error of law by railing to follow the Commissioner's own regulation. Consequently, this action must be remanded to the Commissioner for clarification and development of the record in compliance with SSR 00-4p at step 4 and, if necessary, step 5.

## **ORDER**

For the reasons explained above, the court ORDERS that the Plaintiff's "Motion for Summary Judgment or Remand" (filed May 20, 2004) IS GRANTED.

IT IS FURTHER ORDERED that the Commissioner's final decision of June 26, 2001, IS REVERSED and this action IS REMANDED to the Commissioner pursuant to sentence 4 of 42 U.S.C. § 405(g) for further proceedings in conformity with this Opinion.

IT IS FURTHER ORDERED that the Clerk of Court shall enter a final judgment as a separate document. See Federal Rule of Civil Procedure 58. This judgment shall provide that:

> Plaintiff Angelita R. Cruz brought this action for judicial review of the denial of her application for Supplemental Security Benefits and Disability Insurance Benefits by the Commissioner of Social Security, before the court, the Honorable Thomas J. Curran, District Judge, presiding, and the issues having been heard and a decision having been rendered,
>
> IT IS ORDERED AND ADJUDGED

that the Commissioner of Social Security's final decision of June 26, 2001, is reversed and that this action is remanded to the Commissioner pursuant to sentence 4 of 42 U.S.C. § 405(g) for further proceedings in conformity with this court's Opinion.

Done and Ordered in Chambers at the United States Courthouse, Milwaukee, Wisconsin, this 29th day of September, 2005.

                        s/ Thomas J. Curran
                        Thomas J. Curran
                        United States District Judge